FILED
2023 May-30 PM 01:49
U.S. DISTRICT COURT
N.D. OF ALABAMA

2023 MAY 30 A 9:34

# IN THE UNITED STATESDISTRICT COURT FOR THE NORTHERN DISTRICT OF ALABAMA
SOUTHERN DIVISION

**DIANA YAZMIN LUGO**
**PRO SEC,**
**PLAINTIFF,**

**VS.** CASE NO.: 2:23cv 688-JHE

**NICHOLAS FINANCIAL INC** **JURY TRIAL DEMAND**

## COMPLAINT FOR EMPLOYMENT DISCRIMINATION VIOLATION OF TITLE VII AND RETALIATION

### I. The Parties to This Complaint

#### A. The Plaintiff

Name Diana Yazmin Lugo

Street Address 104 Olympia Dr

City and County Homewood

State and Zip Code Alabama 35209

Telephone Number 205 842 9759

E-mail Address dianayg12121@gmail.com

**Check here to receive electronic notice through the e-mail listed above. By checking this box, the undersigned consents to electronic service and waives the right to personal service by first class mail pursuant to Federal Rule of Civil Procedure 5(b)(2), except with regard to service of a summons and complaint. The Notice of Electronic Filing will allow one free look at the document, and any attached PDF may be printed and saved.**

05/28/2023
**Date**

**Participant Signature**

**B. The Defendant(s)**

NICHOLAS FINANCIAL, INCORPORATED

220 Cahaba Valley Rd, Pelham, AL 35124

Phone number; 205 824 9008

HEADQUARTERS is located at 26133 US HWY 19 N SUITE 300 Clearwater, FL 33763

Phone Number: 727 726 0763

Email: susan.burek@nicfn.com

Email doug.marohn@nicfn.com

**C. Place of Employment:**

NICHOLAS FINANCIAL, INCORPORATED

220 Cahaba Valley Rd, Pelham, AL 35124

205 824 9008

**II. Basis for Jurisdiction and Venue**

This action is brought for discrimination in employment pursuant to:

- Title VII of the Civil Rights Act of 1964, as codified, 42 U.S.C. §§ 2000e to 2000e-
  Right to Sue letter was issue by EEOC on 2/28/2023
  EEOC Representative: KEVAN JACKSON.

- Age Discrimination in Employment Act of 1967, as codified, 29 U.S.C. §§ 621 to 634.

  *Right to sue letter was issue by EEOC on 2/28/2023*

  *EEOC Representative: KEVAN JACKSON*

- Denying the opportunity to grow and disparate treatment
- Calumny and defamation
- Breach of actual contract
- Mental stress and anguish.

Venue and jurisdiction are proper because Plaintiff, Diana Yazmin Lugo, Protected Class Member lives in ALABAMA, and Defendant, Nicholas Financial, Inc perform business in ALABAMA, as well as most of the events occurred here in Pelham, ALABAMA, This Court has Jurisdiction in according with 28 U.S.C 1331, 1343 (4) 2201,2202 AND 29U.S.and 42 U.S.C 12133. The unlawful practices allege herein were committed by Defendant in ALABAMA.

## III. Statement of Claim

A. The discriminatory conduct of which I complain in this action include:

- Wrongful Termination of my employment denied Plaintiff same opportunities as the rest of team outside the Protected Class.

- Failure to let plaintiff performing her job as contract stated and posted in the website and job offered letter stipulated. Nicholas Financial Incorporated Branch Manager (BM), Deon Bass and Assistant Store Manager ASM, Ms. Allison Wood Denied to Plaintiff opportunities to do her job by telling plaintiff: I can barely understand your accent, DO NOT report to the Headquarter anything nor to the Store Manager, report only to Assistant Branch Manager, but Assistant Branch Manager Who most of the time was absent or late to perform duties used to respond I don't know you need to ask somebody also about any question that most of the team members had about job

- Unequal terms and conditions of my employment.

- Retaliation after escalation of some issues to higher level in the organization.
- Disparate treatment, making outside Protected Class members treat more favorable.
- Discrimination against bias National origin, Age, Race while Manager tells Plaintiff: I can barely understand your accent.
- Assault, insulted by DLO and ABM calling plaintiff you are so stupid, unfit, chicken brown; I cannot wait for the Manager to get rid of your ass.
- Treat less favorable while Manager did not allow plaintiff to go to a Dr. check after plaintiff got Covid in that office.
- Exposed to high risk when one team member said that she cannot wait until 5pm to start shooting people in their faces after Manager and assistant manager provided hostile environment to the entire team.
- Not giving Plaintiff same opportunities to speak as the rest of the team and punishing Plaintiff even if it was not her wrong.

B. It is my best recollection that the alleged discriminatory acts occurred on date(s):

- In August 2021, plaintiff's (Protected Class Member) first day of work after plaintiff enrollment from home, Plaintiff came to the office to finish the enrollment and because the system was blocked; Plaintiff asked Manager and Assistant Manager about Health Benefits as offered at the Website and offered by Human Resources Manager Ms. Burek then ABM Ms. Allison and BM Deon Bass told Plaintiff that the said benefits were after 3 months of employment. Plaintiff felt discriminated against National Origin and race because Plaintiff received numerous emails and calls from Human Resources Ms. Burek asking and informing that the benefit enrollment were about to expire and asking why Plaintiff did not enrolled in the benefits.

- In December 2021 Plaintiff was assault, Humiliated and Discriminated against the National Origin by Direct Loan Office Ms. Robin and Ms. Assistant Branch Manager Ms. Allison after Plaintiff contacted one of the delinquency customers that was not contacted by any of the team members after breaking a promise. This customer was harassed and unlawfully contacted by Direct Loan Office after the said customer Made a previous Promise to pay to Plaintiff and did not pay as usually. I reviewed accountant and told manager that this customer Broke Promise because DLO and ABM were forcing him to do another side loan even though he was already late or delinquency, I told Branch Manager that the fact he was unlawful contacted by DLO was Violating the state Regulation and causing delinquency.
  Then ABM and DLO assaulted me telling me "unfit, stupid chicken brown we cannot wait the Deon throw your ass out of here then Since this situation previously happened and Manager did not take care of plaintiff told them I will call the police if you get closer. Then I had an employee counseling saying that I treat the team member with the police that is not being a good team member.

- In December 2021 Plaintiff received an employment counseling as retaliation after Plaintiff reported to Branch Manager that The store was not complying with some of the State and Federal Regulations for Collection Practices that were causing delinquency high, and it could be a potential fine/Penalties or potentially loss of the license at the store This Branch was constantly performing abusive collection practices. Branch Manager told Plaintiff that is he has done the same many years and nothing happened, stop reporting to himself that report only to the assistant Branch Manager because he hardly understand my accent Breaching the contract since ABM did not have experience in collection and always after asking her something about job her

answer was ask Deon because I don't know, causing delinquency. Branch Manager asked me to report to Assistant Manager, preventing me to do my job and causing actual breach of the contract. This employee counseling also said that I treated the team with the Police and that it was rude, manager treated Plaintiff different because asked Plaintiff to return the key to the office to him and leave the store not giving me the same opportunity to explain what happened while the rest of the team did.

- Plaintiff felt discriminated when Manager did not grant the permission to have an off day to go to Dr's appointment for follow up after plaintiff contracted the Covid in this office. The rest of the team members were usually late, missing job or only texting Branch Manager telling him that they won't be at the store because the dog had a veterinarian appointment, I had to reschedule my Dr's appointments, then Brach Manager requested me to do their jobs.
- Store Manager Calumniated Plaintiff stating that plaintiff was not a good team player but Plaintiff proved it wrong once doing ABM, BM and Administrator and also DLO jobs when they were not showing up to work.
- Plaintiff become doing part of the administrator job after this person quitted her job as part of being a good team member but was discriminated and calumniated with employee counseling for not being a good team member.
- Nicholas Financial Inc, abused Plaintiff and employees because is forcing employees to use the phone for their business and Nicholas Financial Inc did not pay for it.
- Plaintiff was also using her car for Nicholas Financial Business's business administrator, NFI did not reimbursed any gas miles. This is ONLY what a good team member would do.
- Plaintiff volunteered to make flyers to bring more customers to the store as being a good team member.
- Because Branch Manager was treating customers and employees different, Plaintiff escalated this issue to Corporate then Plaintiff had another employee counseling for discrimination. All these combined acts caused high delinquency. Manager refused to listen and do execute my advices stating I have been doing the same for many years and nothing had happened. My job requirement was to analyze each account and suggest the best approach. Manager usually express your hard accent that I can barely understand.
- 

C. Defendant(s) discriminated against me based on

☐ Race: Management usually said I can barely understand your accent.

☐ Color: Assistant manager used to start singing Brown Chicken Brown every time I asked something related to work

☐ gender/sex: Branch Manager hired a woman and came out of the office Stating I just hired a woman as old as Diana. Making the complete team feel bad since we all were about the same age if not I was the youngest one

☐ national origin

☐ age

D. The facts of my case are as follows. Attach additional pages if needed.

1. Plaintiff, Hispanic female from Colombia, over 35 years old began her employment with Nicholas Financial Incorporated in 8/23/2021 as Accountant Resolution Specialist to report Headquarter and Branch manager.
2. Once Plaintiff started the enrollment plans the first day of employment she was told by BM and ABM that Plaintiff did not have health benefits that it will be after 3 months I explained that HR sent me the letter and I also saw the job posted in the website offering the said benefits.
3. Then Plaintiff contracted the Covid in this office and after the recovery she received many e-mails from Corporate office and a call asking "why you have not enrolled yet to the benefits if they are about to expired" I explained to HR that Manager and A ssistant told me I wont have it but after 3 months and I also told her that the system was blocked then she rose me to enrolled around sept/21.
4. Beginning in around 10/21 Plaintiff reported to Branch Manager about the Store was not complying with the State and Federal regulations for Collection practices and also advised the Branch Manager that if not correction it will be causing delinquency and possible fines from State and Federal Government.
5. In around December of 2021 Plaintiff was assaulted, humiliated and insulted by ABM and DLO as retaliation of this due to contacting a customer that was delinquency the day I was assault I told the DLO and ABM that if they continue insulting me I may have to call the Police, Plaintiff was sent home while manager arrived to the store asking every team member what happened but did not give Plaintiff the same opportunity to speak instead of that took an adverse action and asked Plaintiff to return the key from the Store and requested her do not to escalate this issue or it will be insubordination, this was not the first time that happened, I was insulted by ABM before but BM did not take any actions against but said we are very close friend from previous jobs.
6. After the assault by DLO, BM, ABM I decided to escalated this issue to HR because I felt at great risk since I witnessed how BM and ABM exposed team to a great risk before by harassing another team member that said: I cannot wait until 5 o'clock to get out of the clock and start shooting people in the face, as we all knew this team member was armed with a gun.
7. In December 2021 because of the escalation of the manager issues and because the ABM /BM were not complying with the State and Federal rules correct it plus the fact that Plaintiff escalated the issue to HR, Plaintiff got retaliated with employee counseling stating that I Plaintiff was a bad team member for treating the team to call the Police and

also because of insubordination for being escalated this issue to higher rank in the Organization.

8. Nicholas Financial Incorp. Violated Title VII on the basis of Age once Manager Deon Came out of the office to inform all team members that he just hired a new old woman that was as old as Diana and started laughing. I felt pretty bad and harassed especially because at that moment I was the youngest team member. Deon made team feel very intimidated and harassed.
9. I applied online and as the job offer letter states some of My responsibilities were to be punctual (Also for the rest of the team) but the rest of the team was always late and would send an e-mail to let the manager knows their tardiness or absent but Protected class member that never showed late to work and did not have this insubordination pattern was wrongfully terminated because of insubordination that was irrelevant to this matter.
10. I was humiliated, calumniated and insulting for my condition of being a Protected Class Member, Nicholas Financial Inc has violated the Federal Law Title VII anti discriminatory policy and also Lied to the Federal Government EEOC When releasing wrong information about this matter stating that Plaintiff was not a good team member and insubordination pattern for escalating all these issues even though Plaintiff was at risk.
11. Plaintiff had to use her personal cell phone and personal car working as a good team member when another team member quitted over the hostile environment provided by ABM and BM, Plaintiff was also doing part of that team member's job no able to focus 100% in her own position and also doing part of BA, AMB, DLO's job while they were late or no showed to work. NFI did not pay extra money for it but instead of it NFI took adverse action and harassed and calumniated Protected Class Member blaming her the cause of the store's delinquency even when the all entire team was part of the collection.
12. NFI has breaching the actual contract because BM, ABM denied Plaintiff the opportunity to do her job and also denied the opportunity to be enrolled in Health benefits when Covid.
13. NFI Discriminated and treated Plaintiff different because Plaintiff contracted covid there and BM did not granted the opportunity to go to Dr's appointment for check up while rest of the team were absent to work and BM asked Plaintiff to do their jobs.
14. The store was violating the state regulation while Performing abusive collection practices and not complying with the State and Federal Rules as I noted in the system and plaintiff reported to BM when customers called me to complain about team members calling or texting them and treated them without approval scripts since many customers were having the same problem and the ABM no BM did not have any responsibility nor did not take care of it I escalated then I got insubordination employee counseling and I was mistreated and insulted with different names by ABM and Direct Loan Officer Ms. Robin calling me stupid, Chicken Brown, unfit... I can't wait for the manager to get rid of your tail.
15. Plaintiff was retaliated with employee counseling 1/12/22 after complained to HR and surveillance cameras where installed but the insults and the abuse continued as video cameras can prove, this said employee counseling stated false information because plaintiff was previously told by BM and ABM that plaintiff has passed the 3 months of performance and that plaintiff was doing a good job. The employee counseling also stated

the blame to plaintiff for high delinquency even when all team members were involved in collections activities and even when Plaintiff, as part of her job; reported to BM and ABM the reason why delinquency could increase because the Store Branch was not complying with Federal and State rules, also violating the Title VII.

16. Plaintiff was wrongful discharged from her job in 2/11/22 because plaintiff was called by BM (Deon Bass) during her lunch time to inform PLAINTIFF that one more time plaintiff has to work her off day, Plaintiff explained BM that she was sorry but this time she wont cancel her appointment to Dr. to check up after contracted the covid as plaintiff previously did because Manager requested plaintiff to work her off days. in that office and plaintiff expressed that because of her health conditions plaintiff needed to go to Dr for emergency, plaintiff also asked manager to wait and after lunch once plaintiff clocks in, she will see BM in the office plaintiff nicely explained that she has changed her off day many times to help the team once they have to go to Dr.
17. Once Plaintiff was coming back from interrupted lunch by BM Mr. Bass the day she got wrongful terminated, the Manager had the termination letter as retaliation for not being working her off day and also because of the escalations of many issues the store previously had that were increasing delinquency then Plaintiff was terminated and the reason given was that plaintiff was not good team member, plaintiff let store having high delinquency and also for insubordination.
18. Plaintiff tried to explain BM that the employee counseling that lead to my wrongful termination that it was part of the retaliation and explained that it contained false information and also plaintiff gave reason why this employee counseling was false stating: if I was not a good team member I was not able to perform the rest of the team's job when they abandoned, no showed up or show late to work or just take dog to the veterinarian, also would not share my car and my cell phone to the store in order for them to perform job duties, plaintiff was also doing free marketing flyers to increase the number of customers to all team members, Plaintiff also have to explain that the fact that plaintiff had to escalate store issues to HR, it was because It was part of my job and I needed to perform my job and because Plaintiff felt like was at risk after being attacked by my co-workers in the work place and about delinquency being high the previous days was also due to this violation of federal and State regulation by Store Branch and because all entire team was involve in collection it was not only my responsibility, I approach one by one of the delinquency accounts and gave Management the best advised in order to make revenue but because Manager and his assistant refused to do their job and not corrected any of these issues and treating customers different and violating rules plus the rest of the team that were also involve in collections and all the kind of problems that a poor management performed and people absent from job, I couldn't do my job 100%, I did what I could do and the last 2 weeks prior to my wrongful termination ABM and BM were absent and because of it I had to do part of their jobs even with some insults from my other co-worker Ms. Robin, who later on she apologized in front of the cameras about the way she has acted, I made the delinquency to decrease from 16% down to 11% the week the manager and assistant branch manager were absent from the store.
19. NFI had played favoritisms and discriminated against Plaintiff once Management rehired the team member that previously treated all team member saying that she cannot wait

until 5pm to start shooting people in the face, instead of punishing or discharging this person she abandoned her job but was later re-hired to take my job. And I got discharged, I felt that I was discriminated against because I was the Protected Class Member in that Branch, plus I never insulted or treated any one unfair nor missed job nor late to perform it as some other team members outside of the protected Class like:

Ms. Allison (ABM

Mr. Deon Bass (BM)

Ms. Savannah M(Administrator)

Ms. Robin (Loan officer)

Which were either late, not showing up or abandoned their jobs.

Once manager asked me the return of the Store key I had to wait outside for them to open in order to work.

Plaintiff has faced a lot of stress and anguish in addition of the Covid that was contracted in the office, health problems were also a consequence of this issue.

## IV. Exhaustion of Federal Administrative Remedies

A. It is my best recollection that I filed a charge with the Equal Employment Opportunity Commission or my Equal Employment Opportunity counselor regarding the defendant's alleged discriminatory conduct and after further investigation the EEOC issue the right to sue Letter on 2/28/23 by Federal Investigator Mr. Kevan Jackson.

## V. Prayer For Relief

State briefly and precisely what damages or other relief the plaintiff asks the court to order. Do not make legal arguments. Include any basis for claiming that the wrongs alleged are continuing at the present time. Include the amounts of any actual damages claimed for the acts alleged and the basis for these amounts. Include any punitive or exemplary damages claimed, the amounts, and the reasons you claim you are entitled to actual or punitive money damages.

WHEREFORE, Plaintiff repectfully prays for this honorable courtassumes jurisdiction and after trial:

1. Issue a declaratoty judgment that the employmentpolicies , condicions and customs of the Defendant, including the action taken agains Plaintiff by the Defendant are violatible of the Plaintiff's rights as secure by TITLE VII of the Civil Act Rightsof 1964.

2. Graint Plaintiff a permanent injunction enjoining Defendant, its agents, successors, employees, attorneys, and those acting in concert with Defendant fro contunuing to Violate Title VII of Civil Rights Act of 1964.

3. Enter an order to requere Defendants to make Plaintiffwhole by awarding Plaintiff reinstatement to her former position and compensation she would have had in the absence of discrimination, back pay, front pay, lost seniority, lost benefits, nominal damages, compensatory damages and punitive damages.

4. Plaintiff further prays for such other relief and benefits as the cause of justice may require Including but not limited to an award of costs, Pro sec fees, and expenses.

## VI. Certification and Closing

Under Rule 11 of the Federal Rules of Civil Procedure, by signing below, I certify to the best of my knowledge, information, and belief that this complaint: (1) is not being presented for an improper purpose, such as to harass, cause unnecessary delay, or needlessly increase the cost of litigation; (2) is supported by existing law or by a no frivolous argument for extending, modifying, or reversing existing law; (3) the factual contentions have evidentiary support or, if specifically so identified, will likely have evidentiary support after a reasonable opportunity for further investigation or discovery; and (4) the complaint otherwise complies with the requirements of Rule 11.

### A. For Parties Without an Attorney

I agree to provide the Clerk's Office with any changes to my address where case related papers may be served. I understand that my failure to keep a current address on file with the Clerk's Office may result in the dismissal of my case.

Date of Signing: 5/29/23

Name of Plaintiff: Diana Yazmin Lugo

# U.S. EQUAL EMPLOYMENT OPPORTUNITY COMMISSION

**Birmingham District Office**
1130 22nd Street South, Suite 2000
Birmingham, AL 35205
Intake Information Group: 800-669-4000
Intake Information Group TTY: 800-669-6820
Birmingham Direct Dial: (205) 651-7020
Fax: (205) 212-2105
Website: www.eeoc.gov

## DETERMINATION AND NOTICE OF RIGHTS

(This Notice replaces EEOC FORMS 161 & 161-A)

Issued On: 02/28/2023

**To:** Diana Y. Lugo
104 Olympia Dr
HOMEWOOD, AL 35209
Charge No: 420-2022-01217

EEOC Representative and email: KEVAN JACKSON
Investigator (205) 651-7035
kevan.jackson@eeoc.gov

---

### DETERMINATION OF CHARGE

The EEOC issues the following determination: The EEOC will not proceed further with its investigation and makes no determination about whether further investigation would establish violations of the statute. This does not mean the claims have no merit. This determination does not certify that the respondent is in compliance with the statutes. The EEOC makes no finding as to the merits of any other issues that might be construed as having been raised by this charge.

### NOTICE OF YOUR RIGHT TO SUE

This is official notice from the EEOC of the dismissal of your charge and of your right to sue. If you choose to file a lawsuit against the respondent(s) on this charge under federal law in federal or state court, **your lawsuit must be filed WITHIN 90 DAYS of your receipt of this notice.** Receipt generally occurs on the date that you (or your representative) view this document. You should keep a record of the date you received this notice. Your right to sue based on this charge will be lost if you do not file a lawsuit in court within 90 days. (The time limit for filing a lawsuit based on a claim under state law may be different.)

If you file a lawsuit based on this charge, please sign-in to the EEOC Public Portal and upload the court complaint to charge 420-2022-01217.

On behalf of the Commission,

James E Love Sr

February 28, 2023

For Bradley Anderson
District Director

**Cc:**
Susan Burek
Nicholas Financial, Inc.
2454 N MCMULLEN BOOTH RD STE 501B
Clearwater, FL 33759

Mark McDonald
Nicholas Financial
3600 ARCO CORPORATE DR STE 210
Charlotte, NC 28273

Please retain this notice for your records.

# INFORMATION RELATED TO FILING SUIT UNDER THE LAWS ENFORCED BY THE EEOC

*(This information relates to filing suit in Federal or State court* ***under Federal law****. If you also plan to sue claiming violations of State law, please be aware that time limits may be shorter and other provisions of State law may be different than those described below.)*

## IMPORTANT TIME LIMITS – 90 DAYS TO FILE A LAWSUIT

If you choose to file a lawsuit against the respondent(s) named in the charge of discrimination, you must file a complaint in court **within 90 days of the date you *receive* this Notice**. Receipt generally means the date when you (or your representative) opened this email or mail. You should **keep a record of the date you received this notice**. Once this 90-day period has passed, your right to sue based on the charge referred to in this Notice will be lost. If you intend to consult an attorney, you should do so promptly. Give your attorney a copy of this Notice, and the record of your receiving it (email or envelope).

If your lawsuit includes a claim under the Equal Pay Act (EPA), you must file your complaint in court within 2 years (3 years for willful violations) of the date you did not receive equal pay. This time limit for filing an EPA lawsuit is separate from the 90-day filing period under Title VII, the ADA, GINA or the ADEA referred to above. Therefore, if you also plan to sue under Title VII, the ADA, GINA or the ADEA, in addition to suing on the EPA claim, your lawsuit must be filed within 90 days of this Notice **and** within the 2- or 3-year EPA period.

Your lawsuit may be filed in U.S. District Court or a State court of competent jurisdiction. Whether you file in Federal or State court is a matter for you to decide after talking to your attorney. You must file a "complaint" that contains a short statement of the facts of your case which shows that you are entitled to relief. Filing this Notice is not enough. For more information about filing a lawsuit, go to https://www.eeoc.gov/employees/lawsuit.cfm.

## ATTORNEY REPRESENTATION

For information about locating an attorney to represent you, go to:
https://www.eeoc.gov/employees/lawsuit.cfm.

In very limited circumstances, a U.S. District Court may appoint an attorney to represent individuals who demonstrate that they are financially unable to afford an attorney.

## HOW TO REQUEST YOUR CHARGE FILE AND 90-DAY TIME LIMIT FOR REQUESTS

There are two ways to request a charge file: 1) a FOIA Request or 2) a Section 83 request. You may request your charge file under either or both procedures. EEOC can generally respond to Section 83 requests more promptly than FOIA requests.

Since a lawsuit must be filed within 90 days of this notice, please submit your request for the charge file promptly to allow sufficient time for EEOC to respond and for your review. Submit a signed written request stating it is a "FOIA Request" or a "Section 83 Request" for Charge Number 420-2022-01217 to the District Director at Bradley Anderson, 1130 22nd Street South Suite 2000

Birmingham, AL 35205.

You can also make a FOIA request online at https://eeoc.arkcase.com/foia/portal/login.

You may request the charge file up to 90 days after receiving this Notice of Right to Sue. After the 90 days have passed, you may request the charge file only if you have filed a lawsuit in court and provide a copy of the court complaint to EEOC.

For more information on submitting FOIA Requests and Section 83 Requests, go to: https://www.eeoc.gov/eeoc/foia/index.cfm.

## NOTICE OF RIGHTS UNDER THE ADA AMENDMENTS ACT OF 2008 (ADAAA)

The ADA was amended, effective January 1, 2009, to broaden the definitions of disability to make it easier for individuals to be covered under the ADA/ADAAA. A disability is still defined as (1) a physical or mental impairment that substantially limits one or more major life activities (actual disability); (2) a record of a substantially limiting impairment; or (3) being regarded as having a disability. *However, these terms are redefined, and it is easier to be covered under the new law.*

If you plan to retain an attorney to assist you with your ADA claim, we recommend that you share this information with your attorney and suggest that he or she consult the amended regulations and appendix, and other ADA related publications, available at: http://www.eeoc.gov/laws/types/disability_regulations.cfm.

### "Actual" disability or a "record of" a disability

If you are pursuing a failure to accommodate claim you must meet the standards for either "actual" or "record of" a disability:

- ✓ **The limitations from the impairment no longer must be severe or significant** for the impairment to be considered substantially limiting.
- ✓ In addition to activities such as performing manual tasks, walking, seeing, hearing, speaking, breathing, learning, thinking, concentrating, reading, bending, and communicating (more examples at 29 C.F.R. § 1630.2(i)), **"major life activities" now include the operation of major bodily functions**, such as: functions of the immune system, special sense organs and skin; normal cell growth; and digestive, genitourinary, bowel, bladder, neurological, brain, respiratory, circulatory, cardiovascular, endocrine, hemic, lymphatic, musculoskeletal, and reproductive functions; or the operation of an individual organ within a body system.
- ✓ **Only one** major life activity need be substantially limited.
- ✓ Except for ordinary eyeglasses or contact lenses, the beneficial effects of **"mitigating measures"** (e.g., hearing aid, prosthesis, medication, therapy, behavioral modifications) **are not considered** in determining if the impairment substantially limits a major life activity.
- ✓ An impairment that is **"episodic"** (e.g., epilepsy, depression, multiple sclerosis) or **"in remission"** (e.g., cancer) is a disability if it **would be substantially limiting when active**.
- ✓ An impairment **may be substantially limiting even though** it lasts or is expected to last **fewer than six months**.

**"Regarded as" coverage**

An individual can meet the definition of disability if an **employment action was taken because of an actual or perceived impairment** (e.g., refusal to hire, demotion, placement on involuntary leave, termination, exclusion for failure to meet a qualification standard, harassment, or denial of any other term, condition, or privilege of employment).

- ✓ "Regarded as" coverage under the ADAAA no longer requires that an impairment be substantially limiting, or that the employer perceives the impairment to be substantially limiting.
- ✓ The employer has a defense against a "regarded as" claim only when the impairment at issue is objectively **both** transitory (lasting or expected to last six months or less) **and** minor.
- ✓ A person is not able to bring a failure to accommodate claim **if** the individual is covered only under the "regarded as" definition of "disability".

***Note:*** *Although the amended ADA states that the definition of disability "shall be construed broadly" and "should not demand extensive analysis," some courts require specificity in the complaint explaining how an impairment substantially limits a major life activity or what facts indicate the challenged employment action was because of the impairment. Beyond the initial pleading stage, some courts will require specific evidence to establish disability.* For moreinformation, consult the amended regulations and appendix, as well as explanatory publications, available at http://www.eeoc.gov/laws/types/disability_regulations.cfm.